UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MELL and JOSE MUNOZ, individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GNC CORPORATION,<br>a Delaware Corporation,<br><br>    Defendant. | CASE NO.: |

## COMPLAINT – CLASS ACTION

1. Plaintiffs, JENNIFER MELL ("MELL") and JOSE MUNOZ ("MUNOZ") (hereinafter referred to collectively as "Plaintiffs"), were employees of Defendant, GNC CORPORATION ("GNC"), a Foreign Corporation, and bring this action on behalf of themselves and other current employees and former employees of Defendant similarly situated to them for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. During the three (3) year statute of limitations period between July 2007 and the present, Plaintiff, MELL, performed non-exempt work for Defendant in one or more work weeks in a GNC retail store(s) in Maryland, including the White Marsh location. While MELL worked in a position entitled "Manager" her primary job duties were non-exempt in nature.

3. During the three (3) year statute of limitations period between July 2007 and the present, Plaintiff, MUNOZ, performed non-exempt work for Defendant in one or

1

more work weeks in a GNC retail store(s) in New York, including the Syracuse location. While MUNOZ worked in a position entitled "Manager" his primary job duties were non-exempt in nature.

4. Defendant, GNC CORPORATION, which is headquartered in Pittsburgh, Pennsylvania, owns and/or operates upwards of five thousand retail locations throughout the United States, including in the District of Western Pennsylvania. Accordingly, GNC is within the jurisdiction of this Court.

5. This action is brought to recover from Defendant, GNC, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

7. At all times material hereto, Defendant has employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. At all times material, the annual gross sales volume of Defendant exceeded $500,000.00.

9. At all times material, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. This collective action to applies to all similarly situated employees of Defendant, GNC, throughout the United States.

11. The additional persons who may become Plaintiffs in this collective action are Defendant's employees who have worked in the position of "Manager" at any of Defendant's stores in the United States and have worked in excess of Forty (40) hours during one or more work weeks between July 2007 and the present but did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

12. This collective action includes any and all work weeks while Plaintiffs and the similarly situated employees throughout the United States were in training for the position of "Manager."

13. Plaintiff, MELL, regularly worked in excess of Forty (40) hours per week in one or more weeks during her employment with Defendant while in the position of "Manager" during the three (3) year statute of limitations period dating back to July 2007.

14. Plaintiff, MUNOZ, regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with Defendant while in the position of "Manager" during the three (3) year statute of limitations period dating back to July 2007.

15. The other employees similarly situated to Plaintiffs have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment as "Managers" with Defendant at GNC stores in Pennsylvania and across the United States in one or more work weeks between July 2007 and the present.

16. However, Defendant failed to pay time and one-half wages for all of the overtime hours worked by Plaintiffs and the other employees similarly situated to them for their overtime hours worked between July 2007 and the present.

17. Instead, between July 2007 and the present, Defendant has misclassified Plaintiffs and the other employees who have worked as "Managers" at Defendant's GNC stores across the United States as being "exempt" from the protections of the Fair Labor Standards Act, paying Plaintiffs and the other similarly situated employees on a salaried basis without compensating them at time and one-half of their regular rate of pay for their overtime hours worked. Defendant's misclassification of Plaintiffs and the similarly situated employees also applies to those work weeks when Plaintiffs and the similarly situated employees worked in training for the "Manager" position.

18. Based upon information and belief, Defendant has failed to maintain records of the actual start times, actual stop times, actual hours worked each day, and actual total hours worked each week by Plaintiffs and the other similarly situated employees for each work week between July 2007 and the present.

19. The complete records, if any, concerning the compensation actually paid to Plaintiffs and the other similarly situated employees to Plaintiffs are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 19 above.

21. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week during their employment with Defendant in the position of "Manager," including those work weeks spent in training, within the three (3) year statute of limitations period dating back to July 2007.

22. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they've worked and were not properly paid in one or more weeks between July 2007 and the present.

23. Defendant has knowingly and willfully failed to pay Plaintiffs and the other employees similarly situated to them at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

24. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiffs and those similarly situated to them) have suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiffs and those similarly situated to them) are entitled to liquidated damages.

26. Plaintiffs have retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

27. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, JENNIFER MELL and JOSE MUNOZ, and those similarly situated to them who have or will opt into this action, demand judgment against Defendant, GNC CORPORATION, for the payment of all overtime hours at one and one-half their regular rate of

pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: July 16, 2010

Respectfully submitted,

*/s/ Robert B. Stein*
Robert B. Stein (PA Bar No. 37999)
E-mail: rstein@rudovstein.com
RUDO & STEIN, P.C.
100 First Avenue, Suite 500
Pittsburgh, PA 15222
Telephone: 412-281-7300
Facsimile: 412- 281-7305
Attorneys for Plaintiffs

-AND-

Gregg I Shavitz (Fla. Bar No. 11398)*
Email: gshavitz@shavitzlaw.com
Hal B. Anderson (Fla. Bar No. 93051)*
Email: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff
*Motion for admission Pro Hac Vice to be separately filed.*